## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN JONES, | : | CIVIL NO: 1:15-CV-01163 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | |
| LUZERNE COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff Ryan Jones ("Jones"), a pre-trial detainee being held at Luzerne County Correctional Facility ("LCCF"), has filed a complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*.  Based on the contents of Jones's motion, we recommend that it be granted; however, we have screened Jones's complaint in accordance with 28 U.S.C. § 1915A and recommend that the complaint be dismissed for failing to state a claim.

## I.      **Legal Standard.**

Pursuant to 28 U.S.C. § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  On review, the court may

1

dismiss a prisoner's complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). This language, with respect to the dismissal of a prisoner's complaint for failing to state a claim, is precisely the same as the language contained in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Given the similar language, federal courts screening cases pursuant to § 1915A(b)(1) have generally applied the Rule 12(b)(6) legal standard. *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)("[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions.")(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (2000)). Accordingly, the 12(b)(6) legal standard will be fully utilized when screening Jones's complaint.

Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." *Fowler, supra*, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. *Id.* at 210–11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoted case omitted).

While traditionally focused upon the allegations contained in a complaint, a court may also consider exhibits attached to a complaint, matters of public record, and "an undisputedly authentic document" relied upon by the plaintiff and attached as an exhibit to a defendant's motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, in a case such as this, a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## II.    Jones's Complaint.[1]

In Jones's complaint he solely names LCCF as a defendant, and seeks relief for three alleged incidents that occurred while he has been detained there.

According to Jones, on February 25, 2015, he suffered mental anguish after being placed into "lock up" against his will, where he was "strip [sic] of all [his] privileges" and "treated less than . . . human." *Doc. 1* at 5. Further, in relation to this episode, Jones claims that he was slandered. Subsequently, on March 6, 2015, Jones claims that he was talking on the phone with his mother when an employee at LCCF walked over and hung up the phone. Jones claims that this act amounted to cruel and unusual punishment. Finally, Jones alleges that on March 27, 2015, he was attacked by another inmate who had been released from his lockdown unit at the same time Jones was walking to the facility's gym. Jones alleges that he "fought back" against the other inmate, but nonetheless sustained an open wound on his lip and a bruise on his face. Jones contends that LCCF should be held accountable for the attack by the other inmate and for a violation of the "protection code."

---

[1]    Consistent with the applicable legal standard, *supra,* we will accept Jones's properly pleaded allegations as true and present them accordingly.

In connection with these allegations and claims, Jones seeks compensation for mental anguish, pain and suffering, and the injuries he sustained as a result of the alleged attack by the other inmate.

## III.  Discussion.

As mentioned, Jones solely names LCCF as a defendant.  "Courts have repeatedly recognized, however, that a prison or correctional facility is not a person for purposes of civil rights liability.  *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97–0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); *Sponsler v. Berks County Prison*, Civ. A. 95–1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995)."  *Hopkins v. Luzerne Co. Dist. Attorney's Office*, No. 15-515, 2015 WL 1567284, at *2 (M.D. Pa. Apr. 6, 2015). As such, "the Luzerne County Correctional Facility is clearly not a person and therefore not subject to civil rights liability. *See Thompkins v. Doe*, No. 99–3941, slip op. at 3 (3d Cir. March 16, 2000)." *Hopkins,* 2015 WL 1567284, at *2.  The proper defendant, instead, would be the municipality, i.e., Luzerne County.  Even assuming that Jones had named the proper defendant, though, we note that there are no factual allegations or claims by Jones that his constitutional rights were violated as the result of any policy, custom, or practice of LCCF.  *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690–91 (1978). Thus, we recommend that Jones' complaint be dismissed without prejudice.

In recommending the dismissal of Jones's complaint without prejudice for failing to state a claim under 28 U.S.C. § 1915A, we recognize that we must must ordinarily grant Jones leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  In light of the liberal-amendment requirement, coupled with a finding that a leave to amend would not necessarily be futile, we recommend granting Jones with leave to file an amended complaint in this matter, consistent with the law cited herein.

## IV.    <u>Recommendations</u>.

Accordingly, for the foregoing reasons, **WE  RECOMMEND** that Jones's complaint (*Doc*. 1) be **DISMISSED** without prejudice for failing to state a claim; Jones's motion for leave to proceed *in forma pauperis* (*Doc*. 2) be **GRANTED**; and Jones be **GRANTED** leave to file an amended complaint.  The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made  and  the  basis  for  such  objections. The  briefing requirements set forth in Local Rule 72.2 shall apply. A judge

shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **29th** day of **June 2015**.

> **_S/ Susan E. Schwab_**
> Susan E. Schwab
> United States Magistrate Judge