# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN JONES, | : | CIVIL NO: 1:15-CV-01163 |
| Plaintiff, | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| LUZERNE COUNTY CORRECTIONAL FACILITY, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

**I. Introduction.**

Ryan Jones ("Jones"), the plaintiff in this case, has failed to comply with the orders of this Court. He has also disregarded his duty under the Local Rules of this Court. In consideration of these facts, we recommend that this case be dismissed, pursuant to Rule 41 of the Federal Rules of Civil Procedure, based on Jones's failure to prosecute.

**II. Background.**

On May 29, 2015, Jones commenced this 42 U.S.C. § 1983 action by filing a complaint and an application for leave to proceed *in forma pauperis*.[1]  *Doc. 1*. On

---

[1] At the time Jones initiated this action, he was a pre-trial detainee being held at Luzerne County Correctional Facility. On November 13, 2015, however, Luzerne County Correctional Facility informed the Court that Jones had been released from custody. *See doc. 16* (returning mail to the Court as "INMATE RELEASED").

June 29, 2015, we recommended granting Jones's application to proceed *in forma pauperis*, but dismissing his complaint, pursuant to 28 U.S.C. § 1915, for failure to state a claim upon which relief may be granted. *Doc. 6* at 6. More specifically, we concluded that Jones, in solely naming Luzerne County Correctional Facility as the defendant, failed to name the proper defendant—i.e., Luzerne County, the municipality. *Id.* at 5. And, even assuming Jones had named the proper defendant, we further concluded that there were no claims or factual allegations in support thereof that Jones's constitutional rights were violated as the result of any policy, custom, or practice of the Defendant. *Id.* Based upon our determination that it was possible for these deficiencies to be cured by an amendment, however, we recommended granting Jones leave to file an amended complaint. *Id.* at 6. On August 24, 2015, Judge Caldwell adopted our recommendations and granted Jones leave to file an amended complaint within 30 days of the date of his Order. *Doc. 12*. That 30 day period has long since passed and Jones has not filed an amended complaint, nor has he sought an extension of time to do so. Jones has also failed to provide the Court with his current address. Thus, for the reasons that follow, we recommend dismissing this action based on Jones's failure to prosecute.

**III. Discussion.**

   **A. The *Poulis* Factors.**

The issue of whether to dismiss Jones's case comes before the Court *sua sponte*. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). While Rule 41(b) of the Federal Rules of Civil Procedure authorizes defendants to move for dismissal once a plaintiff "fails to prosecute or to comply with . . . a court order," the rule does not restrict a court's "inherent power" to dismiss. *Id.* at 630-31. Nonetheless, dismissal is a drastic sanction and "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). The need for caution is especially acute where, as here, the court acts on its own motion. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Yet, the Court's discretion is not unlimited and the Third Circuit has prescribed factors to guide the decision-making process. Commonly known as *Poulis* factors, the Court

must balance the following considerations when deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors, while instructive, do not establish a "magic formula" whereby decisions to dismiss become matters of easy calculation. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). In fact, no single element is dispositive, *Briscoe*, 538 F.3d at 263, and each factor need not be satisfied for the court to dismiss an action. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

### B. Consideration of the *Poulis* Factors Warrants Dismissal of this Case.

Here, an assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. *Poulis* first requires that we consider the extent of the party's personal responsibility. In this case, the delays are entirely attributable to Jones. Most notably, Jones has failed to abide by the Court's order to file an amended complaint. *See doc. 12* (adopting the undersigned's Report and Recommendation, granting Jones leave to file an amended complaint, and directing Jones to do so on or before September 23, 2015). Jones has also failed to abide by

4

his affirmative obligation under the Local Rules of this Court to keep us informed of his current address. *See* L.R. 83.18 ("Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); *see also docs. 16*, *18* (returning Jones's mail as "INMATE RELEASED").

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). However, prejudice for purposes of the *Poulis* analysis does not mean irremediable harm. *Ware*, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* Here, although the Defendants have not yet been served, Jones's failure to comply with the orders of this Court, including filing an amended complaint, clearly frustrates resolution of this litigation. *See generally Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (providing that the failure to file an amended complaint compels dismissal).

The third factor to be weighed is Jones's history of dilatoriness. A "party's problematic acts must be evaluated in light of [his] behavior over the life of the

case." *Adams v. Trs. Of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994).  While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874.  Here, although Jones, on September 25, 2015, requested the Court's assistance in pursuing this civil rights action (*see doc. 14*), we issued an order (*doc. 15*), instructing Jones that his request must be made by a written motion, in accordance with the Federal Rules and the Local Rules of Court, and it must propose what action he desires the Court to take.  A review of the docket shows, however, that when the Court attempted to mail this Order to Jones, it was returned as undeliverable.  *See doc.* 16.  Jones was informed, *via* the Court's June 16, 2015 letter (*doc. 3*), of his affirmative obligation to keep the Court informed of his address.  Jones has not complied with this directive, nor has he complied with Local Rule 83.18, which similarly requires Jones to provide the Court with his current address.  *See* L.R. 83.18.  And, even though we issued a show cause order (*doc. 17*) directing Jones to show cause, if there was any, why this case should not be dismissed based on his failure to file an amended complaint, as well as his failure to update the Court with his most current address, his mail was, once again, returned as "INMATE RELEASED."  *See doc. 18*; *see*

6

*also Walker v. Sherrer*, Civ. No. 06-1014, 2006 WL 3019652, at *2 (D.N.J. 2006) ("[A]s *pro se* litigants, Plaintiffs bear sole responsibility for their failure to pursue their claims and their failure to complete the simple act of updating the Court as to their current mailing addresses.").

The fourth *Poulis* factor is whether the conduct has been willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Here, although there is no direct evidence of bad faith, the totality of the circumstances creates a strong inference that Jones's persistent silence is not inadvertent; it is willful.

The fifth factor requires the Court to consider the effectiveness of alternative sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. Monetary sanctions would likely be ineffective in this case. In this case, Jones is a *pro se* litigant, whose application to proceed in *forma pauperis* was previously granted by the Court. Thus, there is no reason to believe that he would be able to pay monetary sanctions. Moreover, Jones's failure to keep the Court informed of his current address, as well as his ongoing disregard of this case, suggests that any sanction short of dismissal would be unproductive.

The sixth and final *Poulis* factor is the meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at

trial, would support recovery. *Poulis*, 747 F.2d at 870. In this case, the Court already concluded that Jones's complaint fails to state a claim. *See docs. 6, 12*. More specifically, it was determined that Jones failed to name the proper defendant and that, even assuming Jones had named the proper defendant, there were no claims, or factual allegations in support thereof, to show that Jones's constitutional rights were violated as the result of a policy, custom, or practice of the Defendant. *See docs. 6, 12*. Although Jones was afforded an opportunity to remedy the deficiencies in his complaint, he has now forfeited that opportunity by failing to abide by the orders of this Court and by failing to comply with the Local Rules of this Court.

Thus, after considering and weighing all the *Poulis* factors, we conclude that dismissal is proper under Rule 41 of the Federal Rules of Civil Procedure.

**IV. Recommendation.**

Accordingly, based on the foregoing, **IT IS RECOMMENDED** that this case be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to

which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **2nd** day of **June, 2016**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge